IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 0 9 2012
J.T. NOBLIN, CLERK
BY_____ DEPUTY

UNITED STATES OF AMERICA

v.  CRIMINAL NO.: 1:12cr37LG-RHW

NORMAN JOSEPH SHIYOU  18 U.S.C. § 1341
 18 U.S.C. § 641

**The Grand Jury charges:**

At all times relevant to this Indictment:

1. Workforce Investment Act (WIA) National Emergency Grant (NEG) funds provide federal financial assistance through grants to eligible small business owners in an area that has suffered a major disaster as declared by the President of the United States. Following the landfall of Hurricane Katrina on August 29, 2005, a major disaster was declared for Hancock County, Mississippi.

2. Funding for National Emergency Grant WIA NEG funds comes directly from federal funds provided by the United States Department of Labor. The National Emergency Grant WIA NEG funds were administered in Mississippi by the Mississippi Department of Employment Security ("MDES") through contracts with regional workforce investment areas. Hurricane Katrina related Small Business Capitalization Grants in Hancock and Harrison Counties were issued through a contract with the Twin Districts Workforce Area ("TDWA").

COUNT 1

1. That in or about November 2007, and continuing thereafter up to and including December 2009, in Hancock County in the Southern Division of the Southern District of

Mississippi and elsewhere, the defendant, **NORMAN JOSEPH SHIYOU**, devised and intended to devise a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations and promises from the Mississippi Department of Employment Security ("MDES"), the agency distributing the National Emergency Grant WIA NEG Hurricane Katrina funds, the defendant well knowing at the time that the pretenses, representations and promises to MDES would be and were false when made, and which scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses, representations and promises, so devised and intended to be devised, was in substance to obtain money from MDES by fraudulently submitting receipts and invoices, a bill of sale, and other documents, for reimbursement for replacement purchases of tools, equipment or supplies lost or damaged in Hurricane Katrina by his small business, J&J Rentals, and receiving a grant fund check.

2. That the defendant, on or about May 13, 2008, for the purpose of executing the aforesaid scheme and artifice, and attempting to do so, knowingly caused to be delivered by mail according to the direction thereon, from Jackson, Mississippi, to Kiln, Mississippi, a check payable to Norman J. Shiyou, J&J Rental, in the amount of $5,000.00, in violation of Section 1341, Title 18, United States Code.

## COUNT 2

On or about November 9, 2007, through on or about May 13, 2008, in Hancock County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **NORMAN JOSEPH SHIYOU**, did steal, purloin and knowingly convert to his own use or the use of another greater than $1,000 in funds belonging to the United States of America by receiving Hurricane Katrina disaster small business grant fund NEG benefits from the

Mississippi Department of Employment Security, such benefits being funded by the United States Department of Labor, to which he knew he was not entitled.

In violation of Section 641, Title 18, United States Code

### NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 981(a)(1)(C), Title 18, United States Code; Sections 2461, Title 28, United States Code.

GREGORY K. DAVIS
United States Attorney

A TRUE BILL:
S/signature redacted

Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 9th day of May, 2012.

UNITED STATES MAGISTRATE JUDGE